IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELITE ENERGY, LLC, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>ARCTIC GLACIER INCOME FUND; ARCTIC GLACIER INC.; ARCTIC GLACIER INTERNATIONAL INC.; REDDY ICE HOLDINGS, INC.,<br><br>    Defendants. | CASE NO.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>JURY TRIAL DEMANDED |

Plaintiff Elite Energy, LLC ("Plaintiff"), on behalf of itself and on behalf of a class of all those similarly situated, brings this action against Defendants pursuant to the Federal antitrust laws, Section 1 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 1 ("Sherman Act") and Sections 4 and 16 of the Clayton Antitrust Act of 1914, 15 U.S.C. §§ 15 and 26 ("Clayton Act"). Plaintiff makes the allegations herein on personal knowledge, or on information and belief based upon investigation made by and through his attorneys, as well as upon the admissions of certain Defendants, as follows:

## NATURE OF THE CASE

1. This is a class action for price fixing, as well as the illegal allocation of customers, sharing of markets, and exchange of commercial and confidential information in the packaged ice industry. Packaged ice is generally delivered to customers in sealed plastic bagging, with the ice itself formed in various shapes, including but not limited to cubes, crystals, and blocks (collectively "Packaged Ice"). Buyers of Packaged Ice include restaurants, convenience stores, supermarkets, and the agricultural industry. This lawsuit arises from a conspiracy carried out by the Defendants. Defendants are major producers of Packaged Ice who entered into an unlawful combination and conspiracy with each other and with other companies to illegally restrain trade, and fix and maintain the price of Packaged Ice. Plaintiff brings this antitrust case seeking redress under the U.S. antitrust laws for the harm caused by this unlawful conspiracy.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is founded on Section 15 of the Sherman Act, 15 U.S.C. § 15, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C. § 15, and 28 U.S.C. §§ 1331, 1337.

3. Further, this Court has jurisdiction over foreign defendants pursuant to Fed. R. Civ. P. 4(k)(2).

4. Venue as to Defendants (set forth below) is proper in this District pursuant to Sections 15(a) and 22 of the Sherman Act, and 28 U.S.C. § 1391(b), (c), and (d) because Defendants are found and transact business in this District, Defendants regularly and continuously conduct business in interstate and foreign commerce between and among the

several United States and foreign countries, and/or the interstate trade and commerce described herein has been carried out, in part, within this District.

## THE PARTIES

### Plaintiff

5. Plaintiff Elite Energy, LLC is a New Jersey limited liability company with its principal place of business at 132 Route 70, Medford, New Jersey 08055. Plaintiff purchased Packaged Ice directly from one or more of the Defendants during the class period, and was damaged as a result of Defendants' unlawful conduct.

### Defendants

6. Defendant Arctic Glacier Income Fund ("Arctic Glacier Income") is a company established under the laws of Canada with its principal place of business at 625 Henry Avenue, Winnipeg, Manitoba R3A 0V1. Arctic Glacier Income transacts business in this District and sells Packaged Ice to customers throughout Canada and the United States, including to multiple locations in this District.

7. Defendant Arctic Glacier Inc. ("Arctic Glacier") is a company established under the laws of Canada with its principal place of business at 625 Henry Avenue, Winnipeg, Manitoba R3A 0V1. Arctic Glacier is a wholly-owned and controlled subsidiary of Arctic Glacier Income. Arctic Glacier, behind defendant Reddy Ice Holdings, Inc., is the second-largest producer and distributor of Packaged Ice in the United States. Arctic Glacier transacts business in this District and sells Packaged Ice to customers throughout Canada and the United States, including to multiple locations in this District.

8. Defendant Arctic Glacier International Inc. ("Arctic Glacier International") is a Delaware corporation with its principal place of business at 1654 Marthaler Lane, West St. Paul, Minnesota 55118. Arctic Glacier International is a wholly-owned and controlled subsidiary of Arctic Glacier. Arctic Glacier International transacts business in this District and sells Packaged Ice to customers throughout the United States, including to multiple locations in this District.

9. Defendant Reddy Ice Holdings, Inc. ("Reddy Ice") is a Delaware corporation with its principal place of business at 8750 North Central Expressway, Suite 1800, Dallas, TX 75231. Reddy Ice is the largest manufacturer and distributor of Packaged Ice in the United States. It transacts business in this District and sells Packaged Ice to customers throughout the United States, including to multiple locations in this District.

## UNNAMED CO-CONSPIRATORS

10. On information and belief, other persons, corporations, and entities not named herein are co-conspirators with Defendants in their unlawful restraint of trade. These other co-conspirators have facilitated, adhered to, participated in, and/or communicated with others regarding the conspiracy.

## FACTUAL ALLEGATIONS

11. Packaged Ice is ice that is delivered to customers in sealed packaging, generally made of plastic.

4

12. The ice in Packaged Ice is produced by industrial ice machines which turn liquid water into ice by cooling it through the use of refrigerant and then cutting it into various forms.

13. Packaged Ice is sold in various sizes and forms, including cubes, crystals, and blocks.

14. Packaged Ice is sold to customers such as restaurants, convenience stores, and supermarkets. Packaged Ice is also sold to bakeries and meat processors for use in their production processes.

15. Packaged Ice is a commodity product.

16. On its website, Arctic Glacier concedes that there are significant barriers to entry in the Packaged Ice industry due to the "high start up costs for ice production, storage, and delivery equipment associated with the business." *See* http://www.arcticglacierinc.com/history.htm.

17. Among these barriers to entry is the need to maintain large numbers of distribution and production facilities, due to the "prohibitive high costs of transporting ice over long distances, because of the high weight-to-volume ratio." *See* http://www.arcticglacierinc.com/history.htm.

18. Revenues for wholesale sales of Packaged Ice in the United States are approximately $1.8 billion annually.

19. Defendants are the largest producers of Packaged Ice in the United States and Canada.

## The United States Department of Justice Investigation

20. On March 6, 2008, Reddy Ice issued a press release stating that "federal officials executed a search warrant at the Company's corporate office in Dallas, Texas on March 5, 2008." *See* http://www.reddyice.com/press-current.php.

21. A federal search warrant, such as that executed at Reddy Ice's Dallas offices on March 5, 2008, may issue only after a sworn affidavit is presented to a judge setting forth the grounds for the warrant. The warrant is then issued only if the judge finds that the grounds for the warrant exist or that there is probable cause to believe they exist.

22. The DOJ has confirmed that the March 5, 2008 search of Reddy Ice's Dallas offices was related to an ongoing investigation into potential anticompetitive practices in the Packaged Ice industry.

23. Also on March 6, 2008, Arctic Glacier Income issued a press release, stating that its subsidiary, Arctic Glacier, had become aware that the United States Department of Justice ("DOJ") was investigating "possible antitrust issues in the packaged ice industry." *See* http://www.arcticglacierinc.com/pdf/news/2008/NR20080306.pdf.

24. On March 7, 2008, Reddy Ice issued a supplemental press release regarding the search of its Dallas corporate offices on March 6, 2008. The supplemental release stated that the "execution of the search warrant was directed by the Antitrust Division of the United States Department of Justice in connection with an investigation of the packaged ice industry." *See* http://www.reddyice.com/press-current.php.

25. On March 9, 2008, Arctic Glacier Income issued a press release stating that Arctic Glacier had received a subpoena, issued by the DOJ, calling for the production of

documents located in both the United States and Canada. *See* http://www.arcticglacierinc.com/pdf/news/2008/NR20080309.PDF.

26. On March 14, 2008, Reddy Ice filed its Form 10-K with the United States Securities and Exchange Commission. In its Form 10-K, Reddy Ice stated: "In March 2008, we and certain of our employees, including members of our management, received grand jury subpoenas issued from the U.S. District Court for the Eastern District of Michigan seeking information in connection with an investigation by the Antitrust Division of the United States Department of Justice ("DOJ") into possible antitrust violations in the packaged ice industry."

## INTERSTATE TRADE AND COMMERCE

27. During the Class Period, Defendants were major producers and sellers of Packaged Ice.

28. The North American market for Packaged Ice is in excess of a billion dollars per year.

29. Throughout the Class Period, there has been a continuous and uninterrupted flow of transactions in Packaged Ice in interstate and international commerce throughout the United States, including in this District.

30. The unlawful activities of Defendants and the unnamed co-conspirators have been within the flow of, and have had a direct, substantial, and reasonably foreseeable effect on, interstate commerce.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action as a class action under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of itself and all others similarly situated. The "Class" is defined as:

> All direct purchasers of Packaged Ice from Defendants and their co-conspirators (the "Class"), at any time from at least January 1, 2002 to February 29, 2008 (the "Class Period"), the exact dates being unknown to Plaintiff. Excluded from the Class are Defendants, any subsidiaries or affiliates of Defendants, and any of Defendants' co-conspirators, whether or not named as a Defendant in this Complaint.

32. The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade or commerce involved, Plaintiff believes that the members of the Class are geographically dispersed throughout the United States and Canada, and that joinder of all Class members would be impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes that there are, at least, tens of thousands of members of the Class and that their identities can be learned from Defendants' and their co-conspirators' books and records.

33. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and all members of the class purchased Packaged Ice at artificially maintained, non-competitive prices established by the actions of Defendants and their unnamed co-conspirators in connection with the restraint of trade alleged herein. Plaintiff and the members of the Class have all sustained damage in that they paid inflated prices for the Packaged Ice at issue due to Defendants' conduct in violation of federal law as complained of herein.

34. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and antitrust litigation.

35. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

36. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether Defendants conspired, contracted or combined for the purpose of and with the effect of instituting, raising, fixing, maintaining, or stabilizing the price of Packaged Ice that were purchased by the Class;

    (b) Whether Defendants undertook actions to conceal the unlawful conspiracy, contract or combination described herein; and

    (c) Whether Defendants' conduct violated the relevant federal antitrust laws and caused injury to the business and property of Plaintiff and the Class and, if so, the proper measure of damages.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts and Defendants, and would create a risk of

inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense, and would assure uniformity of decision as to persons similarly situated without sacrificing procedural fairness.

38. The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be unobjectionable. The amounts at stake for Class members, while substantial in the aggregate, are not great enough individually to enable them to maintain separate suits against Defendants. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## FRAUDULENT CONCEALMENT AND EQUITABLE TOLLING

39. Plaintiff and other members of the Class had no knowledge of Defendants' unlawful self concealing conspiracy and could not have discovered the contract, combination or conspiracy at an earlier date by the exercise of due diligence because of the deceptive practices and secrecy techniques employed by Defendants to avoid detection of, and to fraudulently conceal, their contract, combination or conspiracy.

40. Because the contract, combination or conspiracy was kept secret by Defendants, Plaintiff and other members of the Class were unaware that prices of Packaged Ice were secretly agreed upon until March 2008, when Defendants announced that they were under investigation by the DOJ. While Plaintiff diligently sought to protect itself from unlawful activity, Plaintiff and other members of the Class were unable, until

March 2008, to detect the above-described secret activity, which by its nature was self-concealing.

41. As a result of Defendants' fraudulent concealment of their conspiracy, the applicable statute of limitations governing Plaintiff's right of action has been tolled.

### ANTITRUST INJURY TO PLAINTIFF AND THE CLASS

42. The conspiracy alleged herein had and is having the following effects, among others:

    (a) Prices charged to Plaintiff and the Class for Packaged Ice have been raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

    (b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Packaged Ice; and

    (c) Competition in establishing the prices paid in the United States for Packaged Ice has been unlawfully restrained, suppressed and eliminated.

43. By reason of the violations of Section 1 of the Sherman Act and Section 4 of the Clayton Act, Plaintiff and the members of the Class have sustained injury to their business or property. The injury sustained by the Plaintiff and the Class is the payment of supercompetitive prices for Packaged Ice as a result of Defendants' illegal contract, combination, or conspiracy to restrain trade as alleged. This is an antitrust injury of the type that the federal laws were meant to punish and prevent.

## COUNT I

### VIOLATION OF SECTION 1 OF THE
### SHERMAN ACT AND § 4 OF THE CLAYTON ACT

44.     Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

45.     Defendants entered into and engaged in a contract, combination or conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act and Section 4 of the Clayton Act.

46.     The contract, combination or conspiracy has resulted in an agreement, understanding or concerted action between and among Defendants in furtherance of which Defendants instituted, fixed, maintained, raised or stabilized prices for Packaged Ice. Such contract, combination, or conspiracy constitutes a *per se* violation of the federal antitrust laws and is an unreasonable and unlawful restraint of trade.

47.     Defendants' contract, combination, agreement, understanding or concerted action occurred in or affected interstate commerce. Defendants' unlawful conduct was through mutual understandings or agreements by, between and among Defendants.

48.     The contract, combination or conspiracy has had the following effects:

    (a)     Prices charged to Plaintiff and the Class for Packaged Ice were raised, fixed, maintained or stabilized at higher, artificially derived, non-competitive levels;

    (b)     Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for Packaged Ice; and

(c) Competition in establishing the prices paid for Packaged Ice has been unlawfully restrained, suppressed and eliminated.

(d) As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered injury in that they have paid supercompetitive prices for Packaged Ice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

(1) That the Court determine that this action may be maintained as a class action under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, that Plaintiff be denominated as class representative and Plaintiff's counsel be appointed as counsel for the Class;

(2) That the unlawful contract, combination or conspiracy alleged in Count I be adjudged and decreed to be an unreasonable restraint of trade or commerce in violation of Section 1 of the Sherman Act;

(3) Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner:

    a. Continuing, maintaining or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and

          from adopting or following any practice, plan, program or device having a similar purpose or effect; and

    b. Communicating or causing to be communicated information to any other person engaged in the manufacture, distribution or sale of any product except to the extent necessary in connection with bona fide sales transactions between the parties to such communications.

(4) That Plaintiff and the Class recover compensatory damages, as provided by law, determined to have been sustained as to each of them, and that judgment be entered against Defendants on behalf of Plaintiff and of the Class;

(5) That Plaintiff and the Class recover treble damages, as provided by law;

(6) That Plaintiff and the Class recover their costs of the suit, including reasonable attorneys' fees, as provided by law; and

(7) For such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure and the Constitution of the United States, Plaintiff demands a trial by jury of all issues so triable.

DATED: March 19, 2008

*[signature]*
Mary Ellen Gurewitz
Sachs Waldman Professional Corporation
1000 Farmer
Detroit, MI 48226-2899
Phone: (313) 965-3464
Fax: (313) 965-4602

Steven A. Asher
Robert S. Kitchenoff
Mindee J. Reuben
Noah Axler
Weinstein Kitchenoff & Asher LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Phone: (215) 545-7200
Fax: (215) 545-6535

***Counsel for Plaintiff Elite Energy, LLC and the Proposed Class***